PRICE v. BUCHANAN.

1. NEW TRIAL — COMPLAINT — EVIDENCE — EXCEPTIONS.— Where the complaint filed states a good cause of action, and the evidence, although somewhat conflicting, is sufficient to sustain the verdict, the same not being excessive, in the absence of exceptions to the evidence or the instructions, the refusal of the court below to grant a new trial is not error.

2. INSTRUCTIONS ACCEPTABLE TO BOTH PARTIES.— It will be presumed that both parties are satisfied with the rules of damages as given by the court when no exceptions are reserved and no other instructions are prayed; and in such case this court need not determine as to the correctness of such rules.

*Appeal from District Court of Clear Creek County.*

THE appellees, James Buchanan, Peter Westberg, George W. Ward and Hugh McGowan, brought this action in the court below against the appellant, William H. Price, alleging in their complaint, in substance, that defendant, as owner of a certain lode mining claim, employed them to sink a shaft from the third level of said lode to the depth of two hundred feet, and to timber the same whenever necessary, and to excavate a chamber in said level at the top of said shaft, to make room for sinking the same, and to place therein a tank to hold the water gathering about said shaft; that defendant was to pay plaintiffs $15 per foot for every foot in depth that said shaft was sunk, which sum was to include the excavating of the chamber and the placing of the tank; that defendant was to hoist and remove the rock and other debris as the same was broken by the plaintiffs in sinking the shaft, and keep the shaft sufficiently clear of water to enable plaintiffs to prosecute their work; that they sunk the shaft to the depth of fifty-three and one-half feet, according to the terms of the contract, when they were prevented from the further prosecution of the work by the accumulation of water in the shaft, which defendant neglected and refused to remove; that they excavated the chamber, and placed the tank therein, at an expense of $150.

By an amendment to the complaint plaintiffs alleged that they could have completed the work for the sum of $1,000, and that only the sum of $528.75 had been paid to them by defendant on said contract. The answer denies every allegation of the first cause of action, and further alleges that defendant's contract was with two only of the plaintiffs to sink the shaft two hundred feet in depth, with conditions somewhat different from those alleged in the complaint; that they sunk the shaft only to the depth of fifty-two and one-half feet; that plaint-

iffs ceased their work without the consent or fault of defendant, and thereby forfeited all claim to any further payment. A subsequent answer specifically denies every allegation of said second cause of action. On the trial the jury returned a verdict for the plaintiffs for $408.37. The defendant's motion for a new trial was overruled, and judgment was rendered on the verdict. The defendant brings this appeal.

Mr. C. B. WHITFORD, for appellant.

Messrs. MORRISON & FILLIUS, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This is an appeal under the act of April 23, 1885. The printed abstract does not show any exceptions to the evidence or to the instructions of the court. The verdict, the overruling of the motion for a new trial and the final judgment were excepted to by the defendant. The assignments of error are to the effect that the verdict and judgment are excessive, against the law and the evidence, and that the court erred in not granting a new trial. The complaint stated a good cause of action, and the evidence on the part of plaintiffs tended to support it. The evidence on the part of defendant was somewhat in conflict therewith; but the jury were the judges of the credibility of the witnesses and of the weight of the evidence. Whether the rules stated in the charge of the court as to the measure of damages are correct we need not determine. Both parties were evidently willing that the jury should consider and decide the case under such rules, as no other instructions were prayed for by either party, and no exceptions were reserved to the charge. The evidence was sufficient to sustain the verdict under the issues as formed by the parties and according to the instructions as given by the court; and the verdict does not appear to have been excessive. Under

such circumstances the district court should not have granted a new trial; neither should this court disturb the judgment. The judgment is accordingly affirmed.

*Affirmed.*